RECEIVED CLERK
FILED
2004 DEC 27 P 3: 22
U.S. DISTRICT COURT
DISTRICT OF UTAH



Francis H. Suitter (#3151)
Jesse C. Trentadue (#4961)
John D. Luthy (#8880)
*SUITTER AXLAND*
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480
Telephone: (801) 532-7300
Facsimile: (801) 532-7355

*Attorneys for Senator Robert Bennett*

---

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| CODY JUDY, | **SENATOR BENNETT'S COMBINED *MOTION TO DISMISS* AND *MEMORANDUM IN SUPPORT*** |
| Contestant/Petitioner, | |
| v. | |
| BOB BENNETT, | |
| Contestee, | Case No. 2:04-CV-01110 DB |
| and STATE ELECTION OFFICIALS MICA McKINNEY - DIRECTOR et al., | Judge Dee Benson |
| Respondent(s). | |

---

The Honorable Robert Bennett, by and through counsel, and pursuant to *Rule 12(b)(1)*

and *(6)* of the *Federal Rules of Civil Procedure,* hereby moves this Court for an *Order*

dismissing Cody Judy's *Complaint and Contest of Election* for lack of subject matter

jurisdiction and for failure to state a claim against Senator Bennett upon which relief can be granted.

Specifically, Judy lacks standing to bring the claims alleged in his *Complaint*, and the Court thus lacks jurisdiction of the subject matter thereof. Furthermore, Judy's *Complaint* contains no allegations of any action or inaction by Senator Bennett, except to acknowledge Senator Bennett's successful candidacy for a seat in the United States Senate from the State of Utah. Instead, Judy alleges only actions or inaction by state election officials in support of his claims. Accordingly, Judy fails to state a claim against Senator Bennett upon which relief can be granted. Senator Bennett's *Memorandum in Support* is set forth below.

## STATEMENT OF FACTS

The facts relevant to this *Motion* are as follows:

1.      Cody Judy was a write-in candidate in the 2004 general election race for a seat in the United States Senate from the State of Utah. (*Complaint*, ¶¶ 1-2).

2.      Senator Bennett was a candidate in, and winner of, the 2004 general election race for a seat in the United States Senate from the State of Utah. (*Complaint, Demand for Relief,* p. 7, ¶ 1).

3.      Judy purports to bring this action on behalf of "the voters who voted for me, and those [voters whose votes] have not been counted." (*Complaint, Demand for Relief,*

p.7).

4.     In his *Complaint*, Judy first asserts that because "a pencil or other writing means was not provided [by elections officials] in each voting booth" voters were intimidated or coerced into not voting for him, and that lack of a writing utensil in each voting booth constituted concealment of a material fact by elections officials. (*Complaint, Issue/Complaint*, p. 2, ¶ 1).

5.     Judy's next asserts that election officials' failure to post in each voting booth a list of the names of all write-in candidates constituted "intimidation" and "official manipulation" of voters. (*Complaint, Issue/Complaint*, p. 4, ¶ 2).

6.     Judy finally asserts that because the type of ballot differed from county to county, and because in some counties the write-in portion of the ballot was separable from the punch card portion of the ballot, there is a potential for fraud in the counting of ballots. (*Complaint, Issue/Complaint*, pp. 5 and 6, ¶ 3).

7.     Judy does not allege that he was personally intimidated or coerced into not voting as he desired.

8.     Judy likewise makes no claim that he would have won the race for United States Senate if it had not been for the alleged actions and/or inactions of elections officials.

9.     Neither does Judy allege that he is entitled to possession of the office of United

-3-

States Senator from Utah.[1]

10.    Rather, as to remedy, Judy first demands that Senator Bennett be ordered to pay $100,000 to Judy as "reimbursement" for his purported campaign expenses. (*Complaint, Demand for Relief*, p. 7, ¶ 1).

11.    Judy then demands that a new election be held for the United States Senate seat now held by Senator Bennett. (*Complaint, Demand for Relief*, p. 7, ¶ 2).

## I.

## ARGUMENT: THE COURT SHOULD DISMISS JUDY'S COMPLAINT BECAUSE JUDY LACKS STANDING, THUS DEPRIVING THIS COURT OF SUBJECT MATTER JURISDICTION

This Court should dismiss Judy's *Complaint* because Judy lacks standing to bring the claims he asserts. Whether a person "has standing under *Article III* of the Constitution to maintain [a] suit" raises a "jurisdictional question." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1861 (2000). Thus, Judy's lack of standing deprives this Court of subject matter jurisdiction because a person

---

[1] Nor could this Court hear such a claim even if Judy were to make that allegation because "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members . . . ." *U.S. Const. Art. I, Sec. 5.* In other words, [the Senate] is a Judge of the Elections, Returns and Qualifications of its Members. *Art. I, Sec. 5.* (*Const.*). It is fully empowered, and may determine such matters without the aid of the House of Representatives or the Executive or Judicial Department. That power carries with it authority to take such steps as may be appropriate and necessary to secure information upon which to decide concerning elections." *Reed v. County Commissioners,* 277 U.S. 376, 388 (1928).

bringing an action in federal court "must meet three requirements in order to establish *Article III* standing." *Id.* First, he must demonstrate that he has personally suffered an injury in fact. *Id.* at 771, 120 S. Ct. at 1861-62. "Second, he must establish causation–a 'fairly trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant." *Id.* at 771, 120 S. Ct. at 1861 (citation omitted). "And third, he must demonstrate redressability–a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *Id.* at 771, 120 S. Ct. 1861-62 (citation omitted). Judy fails to meet any of these three requirements for standing.

Judy fails to allege that he has personally suffered an injury. In fact, he makes no claim or allegation that his own voting rights were hindered in any way, and he makes no claim or allegation that he would have won the senatorial race but for the alleged actions and/or inactions of election officials. Judy does state that he brings this action on behalf of "the voters who voted for me, and those [voters whose votes] have not been counted." However, "the *Article III* judicial power exists only to redress or otherwise to protect against injury *to the complaining party*." *Id.* at 771, 120 S. Ct. 1862 (citation omitted). By alleging no injury to himself and expressly asserting the rights of others, Judy fails to meet the first requirement for standing.

Even if Judy were deemed to have met the first standing requirement, he fails to meet

the requirement of "a 'fairly trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant." *Id.* at 771, 120 S. Ct. at 1861 (citation omitted). Judy alleges no conduct by Senator Bennett that infringed on the voting rights of any person. Accordingly, as to Senator Bennett at least, Judy fails to meet the causation requirement. Furthermore, even assuming that election officials did not provide pencils and candidate lists in voting booths, the Court should hold as a matter of law that there is no traceable connection between a lack of pencils and candidate lists in voting booths and the intimidation and coercion of voters.

Finally, Judy's requested relief as against Senator Bennett would not redress the injuries he claims were suffered by Utah voters even if he had standing to pursue those claims and he does not. *Archuleta v. McShan,* 897 F.2d 495, 497 (10th Cir. 1990)(Federal civil rights claims must be based upon violation of the Plaintiff's personal rights and not the rights of someone else). Specifically, an award of damages to Judy from Senator Bennett would in no way remedy the lack of pencils and candidate lists in voting booths, the disparity between counties in the type of ballots used, or redress any alleged infringement on voters rights. Thus, as to Senator Bennett, Judy fails to meet standing's redressability requirement as well. The Court should therefore dismiss the *Complaint* altogether for lack of subject matter jurisdiction.

## II.

<u>**ARGUMENT: THE COURT SHOULD DISMISS JUDY'S *COMPLAINT* AS AGAINST SENATOR BENNETT BECAUSE JUDY FAILS TO STATE A CLAIM AGAINST SENATOR BENNETT UPON WHICH RELIEF CAN BE GRANTED**</u>

Even if Judy is deemed to have standing, the Court should dismiss Judy's *Complaint* because it fails to state a claim against Senator Bennett upon which relief can be granted. *See Fed. R. Civ. P. 12(b)(6)*. Judy's factual allegations, for example, deal only with actions or inactions of elections officials. Specifically, Judy alleges that: (1) *elections officials* did not provide a pencil or other writing instrument in each voting booth; (2) *elections officials* did not post in each voting booth a list of the names of all write-in candidates; and (3) *elections officials* allowed the use of different ballot types in different counties, including ballots whose write-in portions were separable from their punch card portions. Judy makes no allegation of any action or inaction of Senator Bennett, except that allegation, implicit in his claim for relief, that Senator Bennett was the winning candidate for the United States Senate seat for which Judy was running. Having alleged no acts or omission by Senator Bennett, other than his running for and winning office, Judy has plainly failed to state a claim against the Senator upon which relief can be granted. Judy has particularly failed to even hint at any legal basis upon which the Court might base an award of $100,000 of damages

to Judy as against Senator Bennett. Furthermore, under no set of facts does Senator Bennett have the authority to hold a new election for the seat in the United States Senate which he now fills. Accordingly, this Court should dismiss Judy's *Complaint* as against Senator Bennett for failure to state a claim. *See Holloway v. Carey,* 482 F.Supp. 551 (S.D.N.Y. 1979).

## CONCLUSION

This Court should dismiss Judy's *Complaint*, as to Senator Bennett, for the foregoing reasons: (1) for lack of subject matter jurisdiction based on Judy's lack of standing; and (2) for Judy's failure to state a claim against Senator Bennett upon which relief can be granted.

DATED this 27th day of December, 2004.

SUITTER AXLAND

By: _____
       Francis H. Suitter
       Jesse C. Trentadue
       John D. Luthy
       *Attorneys for Senator Robert Bennett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of December, 2004, I caused a true and correct copy of the foregoing **SENATOR BENNETT'S COMBINED *MOTION TO DISMISS AND MEMORANDUM IN SUPPORT*** to be served via, first-class United States mail, postage prepaid, upon the following:

> Cody Judy
> 2459 S. Main Street, Suite 6
> Bountiful, UT 84010
>
> Scott Cheney
> Assistant Attorney General
> 160 East 300 South, 6th Floor
> P.O. Box 140856
> Salt Lake City, UT 84114

*C:\...\MOTION TO DISMISS MEMO SUPPTG.wpd*