SCOTT D. CHENEY (6198)
Office of the Utah Attorney General
Attorneys for State Election Defendants
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CODY JUDY,<br><br>        Plaintiff,<br><br>vs.<br><br>BOB BENNETT, STATE ELECTION OFFICIALS, MICA McKINNEY,<br><br>        Defendants. | **MEMORANDUM IN SUPPORT OF STATE ELECTION DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:04CV01110<br><br>Judge Dee Benson |

### INTRODUCTION

Plaintiff Cody Judy ran for the United States Senate seat currently held by Senator Bob Bennett in the November, 2004 general election. Prior to the election, Mr. Judy sought the Democratic Party nomination, but was defeated at the State Convention. Mr. Judy nonetheless ran as a write in candidate. Mr. Judy lost the election to the incumbent Senator Bennett.

Mr. Judy has now filed a *Complaint in Contest of the Election* ("*Complaint*" docket no. 1) wherein he alleges that voters could not vote for him because voting booths were not stocked with pencils (*Compl.* p. 2 ¶ 1), that voters were intimidated and manipulated because the names of official write in candidates were not posted in the booths (*Compl.* p. 4, ¶ 2), and that



voters were defrauded because the ballots allegedly differed from county to county (*Compl.* pp. 5, 6 ¶ 3). Mr. Judy names "State Election Officials" and Mica McKinney with Senator Bennett as defendants. He requests reimbursement of $100,000 in campaign expenditures and a new election. *(Compl.* p. 7 ¶ 1 and 2).

The State Election Officials and Mica McKinney (together the "State Election Defendants") now move the Court to dismiss Plaintiff's action under Rule 12(b)(6) of the Federal Rules of Civil Procedure because, first, Plaintiff has failed to invoke this Court's jurisdiction by failing to raise a substantial federal question. Second, the statutes Plaintiff relies on do not create a private right of action. Third, Plaintiff lacks standing. Finally, dismissal is appropriate because the defendants are immune from suit in this Court. Accordingly, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted and should be dismissed as a matter of law.

## **ARGUMENT**

### I.     **STANDARD UNDER RULE 12(b)(6).**

A complaint's sufficiency is a question of law. *Dunn v. White*, 880 F.2d 1180, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). The court must decide whether the factual allegations, if true, entitle the plaintiff to some form of legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While well-plead facts must be accepted as true, conclusory allegations need not be accepted as true. *Dunn v. White*, 880 F.2d at 1190. Nor must the court accept "unwarranted inferences" and "footless conclusions of law." *Ryan v. Scoggin*, 245 F.2d 54, 56 (10th Cir. 1957). *Pro se* litigants are not relieved of the "burden of alleging sufficient facts on

which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Rule 12(b)(6) should terminate suits that are "fatally flawed in their legal premises and destined to fail." *Advanced Cardiovascular Syst., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). Plaintiff's suit in this case is fatally flawed in its legal premises and destined to fail as a matter of law.

## II.    PLAINTIFF'S COMPLAINT FAILS TO STATE A SUBSTANTIAL FEDERAL QUESTION.

To invoke federal-question jurisdiction, a plaintiff must present a "substantial" federal claim. *Hagans v. Lavine¸* 415 U.S. 528, 536-38 (1974). When the claim is "so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," the court lacks subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). Plaintiff's claims in this lawsuit are insubstantial, foreclosed by prior decisions, and devoid of any legal merit, and therefore fail to state a claim upon which relief may be granted.

### A.    No Private Right of Action.

Here, Plaintiff alleges violation of two federal statutes, 18 U.S.C. §§ 594 and 1001, and U.S.C. § 381(2)(b). None of these statutes applies to Plaintiff's claims. First, the statutes cited do not provide for a private right of action. Plaintiff cites to § 381(2)(b) of the Federal Contested Election Act ("FCEA") as a basis for this action. That statute does not expressly allow a private right of action. Instead it creates an administrative process to contest elections within the U.S.

3

House of Representatives, with the ultimate decision resting with the House Committee on House Oversight. 2 U.S.C. §§ 381-396 (1996). Nor does the statute imply a private right of action. *See Dornan v. Sanchez*, 955 F. Supp. 1210 (C.D. Cal. 1997). In *Dornan*, the court found that "the Constitution's special reservation to Congress of judging its own elections and returns preempts inherent court power not specifically authorized by Congress." *Id.* at 1212. The FCEA is a carefully drawn mechanism for the contest of an election to the House of Representatives. The court's role under the statute is limited to issuing "requested deposition subpoenas apparently regular on their face." *Id.* Accordingly, Plaintiff's claims should be dismissed. The FCEA does not apply to Plaintiff's claims and does not establish an express or implied private right of action in the federal courts.

The other federal statute Plaintiff relies on, 18 U.S.C. §§ 594 and 1001, similarly does not establish a private right of action. Instead, both provisions create criminal penalties of imprisonment or fines for any violations. 18 U.S.C. §§ 594, 1001 (1994). Federal Courts interpreting these provisions have held they do not create an implied private right of action. The Hatch Act, of which § 594 is a part, "does not make a violation thereof privately actionable." *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002). Numerous courts have also held that there is no private right of action under §1001 either. *E.g. Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987). Therefore, Plaintiff also has no right to pursue a private right of action in federal court under 18 U.S.C. §§ 594 or 1001. As none of the statutes under which

Plaintiff seeks relief allow for a private right of action, this case should be dismissed for lack of jurisdiction.[1]

## B.    The Cited Statutes Simply Do Not Apply.

Even if the statutes relied upon by Plaintiff did create a private right of action, none of these provisions applies to the facts of this case. 18 U.S.C. § 594 states that:

> Whoever intimidates, threatens, coerces, or attempts to intimidate, threaten, or coerce, any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of . . . Member of the Senate . . . shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 594 (1994). Intimidation or coercion in the voting process generally refers to the use or threatened use of violence or force to deter others from voting or voting in a certain way. *See* 29 C.J.S. *Elections* § 333 (1965). The alleged violations at the heart of Plaintiff's *Complaint* (failing to provide pencils, a list of write-in candidates, and providing a "separated" ballot to vote for write-in candidates) simply do not amount to intimidation or coercion. Therefore, there has been no violation of § 594.

---

[1]    In the absence of an express statutory private right of action, Plaintiff's lawsuit must be brought under 42 USC § 1983 which provides a remedy for the "deprivation of any rights, privileges or immunities secured by the Constitution and Laws. . ." Even under § 1983, however, Plaintiff's claims fail because defendants are immune from suit under § 1983. It is well established that suits against the State, its agencies, and State officials are barred under the Eleventh Amendment to the United States Constitution. The resulting lack of subject matter jurisdiction over Plaintiff's official capacity claims requires that those claims be dismissed with prejudice. *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993). Similarly, defendants in their official capacities are not "persons" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any claims against defendants in their official capacities should be dismissed with prejudice.

18 U.S.C. § 1001 also does not apply. While Section 1001(a) creates criminal penalties for one who "knowingly and willfully – (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact . . ." Plaintiff has not indicated how the State Election Defendants used any "device, trick, or scheme" to conceal or cover up a fact material to Plaintiff or voters in general. There is no allegation that the officials took any actions to keep the identities of the potential write-in candidates unknown from voters. Nor has Plaintiff cited any state or federal requirement that a list of write-in candidates be placed in voting booths.

As the statutes Plaintiff relies upon provide no civil remedy for the violations alleged in this case, Plaintiff's claims should be dismissed.

## III.    PLAINTIFF LACKS STANDING IN THIS COURT

As noted in Senator Bennett's *Combined Motion to Dismiss and Memorandum in Support* ("Bennett Memo" docket no. 7), Plaintiff lacks standing to bring his claims in this Court. (*See Bennett Memo*, pp. 4-6.) The State Elections Defendants make the same argument here. Plaintiff alleges his claims on behalf of voters. He does not allege violation of his own rights. (*Compl.* p. 7, *Bennett Memo*, ¶¶ 7-9).

A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir.1994) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471 (1982). This ensures "the most effective advocate of the rights at issue is present to champion them." *Id.* Claims under § 1983 may be

brought only "upon the violation of the Plaintiff's personal rights, not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

Plaintiff has no standing because he has not stated an "injury in fact" relating to any personal rights. Nor has he shown an affirmative causal connection between any defendant's conduct and the alleged injury, or that a favorable decision will likely redress the injuries he alleges. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) and *Bennett Memo* p. 5.

## IV.    STATE ELECTIONS DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Even if the *Complaint* otherwise stated a claim, to the extent that the State Elections Defendants are sued in their individual capacities, they are entitled to qualified immunity as employees of the State of Utah. Public employees sued in their individual capacities are entitled to qualified immunity unless their conduct violates clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1981). Qualified immunity is a rebuttable presumption. *Medina v. Cram*, 252 F.3d 1124, 1129-30 (10th Cir. 2001). Once the defendant asserts qualified immunity, the burden shifts to Plaintiff to show that "defendant's actions violated a federal, constitutional or statutory right," and that "the right violated was clearly established at the time of the [alleged] unlawful conduct." *Id.*

Plaintiff fails on both points. First, as noted above, Plaintiff has not identified a substantial federal right giving rise to a civil cause of action. If there is a right to have pencils and write-in candidate rosters in voting booths, that right has not been clearly established in the

7

law. Absent a violation of a clearly established right, the State Elections Defendants are entitled to qualified immunity. It is Plaintiff's burden to cite cases factually on point and to rebut the defendant's presumed qualified immunity.

## V. BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FEDERAL ELECTION STATUTES, THIS COURT MUST DISMISS THE STATE CLAIMS.

Under the federal supplemental jurisdiction statute, a federal court has supplemental jurisdiction over all related claims "in any civil action of which the district courts have original jurisdiction." 18 U.S.C. § 1367(a). As set forth above, the Court does not have original jurisdiction in this case because Plaintiff has not alleged facts sufficient to create a substantial federal question. Absent a substantial federal question, this Court lacks subject matter jurisdiction and must dismiss Plaintiff's suit, including the state law claims. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-96 (1998) (when federal court lacks subject matter jurisdiction, suit must be dismissed without prejudice).

Moreover, Utah's Election Code expressly provides that when a candidate alleges a state election official has failed to perform his or her statutory duties, suit should be filed in state district court. *See* Utah Code Ann. § 20A-1-404((1)(a)(I). Here, Plaintiff alleges that State defendants failed to comply with several sections of the Utah Election Code. (*Compl.* p. 3, 5). By statute, Plaintiff must bring those claims in state court.

### CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. In light of Plaintiff's lack of standing and a substantial federal question, the court lacks jurisdiction. Even

8

assuming jurisdiction, the cited statutes do not apply, and if they did, the State Elections

Defendants including Ms. McKinney are immune from Plaintiff's suit. Accordingly, there is no

legal basis for Plaintiff's claims and dismissal is appropriate as a matter of law. To that end, the

State Elections Defendants respectfully submit their *Motion to Dismiss* and this *Memorandum*.

DATED this 11Th day of January, 2005.

OFFICE OF THE UTAH ATTORNEY GENERAL

_____
SCOTT D. CHENEY
Assistant Utah Attorney General
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the _11th_ day of January, 2005, I caused a true and correct copy of the

foregoing **MEMORANDUM IN SUPPORT OF STATE ELECTION DEFENDANTS'**

**MOTION TO DISMISS** to be mailed by U.S. mail to:

Cody Judy
2459 South Main Highway 89
Suite 6
Bountiful, Utah 84010

Jesse C. Trentadue
SUITTER AXLAND
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480