
ORIGINAL
FILED
CLERK, U S DISTRICT COURT

2005 FEB 10 P 4: 05

DISTRICT OF UTAH

BY:
DEPUTY CLERK

SCOTT D. CHENEY (6198)
Office of the Utah Attorney General
Attorneys for Defendants
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| CODY JUDY, | **REPLY MEMORANDUM IN SUPPORT OF STATE ELECTION OFFICIALS' MOTION TO DISMISS** |
|---|---|
| Plaintiff, | |
| vs. | Case No. 2:04CV01110 |
| BOB BENNETT, STATE ELECTION OFFICIALS, MICA McKINNEY, | Judge Dee Benson |
| Defendants. | |

On February 8, 2005 defendants received a document entitled *Notice to Submit Default, and Motion to Deny Motion to Dismiss* purportedly filed by plaintiff in this action. The document does not make clear whether it is intended to respond to the State Election Officials' pending *Motion to Dismiss* (docket no. 8, 9) or to the *Motion to Dismiss* filed by Senator Bennett (docket no. 7).

Regardless, under Rule DUCivR 7-1(3) Mr. Judy had until January 26, 2005 to respond to the State Election Officials *Motion to Dismiss*. The time to respond having now passed, the State Election defendants file this *Reply Memorandum* in further support of their motion.



Again, even if plaintiff had standing and the statutes he relies on created a right of action, plaintiff's lawsuit, brought in federal court, is in the wrong forum. Election disputes such as that raised by plaintiff (no pencils in booths, no lists of write-in candidates), are expressly required to be raised in the Utah State Courts. Defendants have previously cited Utah Code Ann. § 20A-1-404 (1)(a)(I).

The Second Circuit Court of Appeals has recently held that election challenges based on voting machine malfunctions or similar irregularities are not appropriate in federal court and "invite federal intervention into every negligent disruption of a local election." *See Shannon v. Jacobwitz*, 394 F.3d 90; 97 (2nd Cir. 2005). That case reversed the federal district court's grant of summary judgment, citing a host of precedent for leaving local election irregularities in the state courts, when a fair state remedy exists. *Id.*, 95. As noted, state law in this case provides such remedy in the Utah Courts. Utah Code Ann. § 20A-1-404.

Based on the *Shannon* case and those cases cited therein, together with the additional arguments made in their *Memorandum in Support*, the State Election Defendants respectfully request that the Court grant their *Motion to Dismiss*.

DATED this 10th day of February, 2005.

OFFICE OF THE UTAH ATTORNEY GENERAL

SCOTT D. CHENEY
Assistant Utah Attorney General
Attorneys for Defendants

2

## CERTIFICATE OF SERVICE

I certify that on the 10th day of February, 2005, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF STATE ELECTION OFFICIALS' MOTION TO DISMISS** to be mailed by U.S. mail to:

Cody Judy
2459 South Main Highway 89
Suite 6
Bountiful, Utah 84010

Jesse C. Trentadue
SUITTER AXLAND
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480

*Jessica Atkin*