FILED
CLERK, U.S. DISTRICT COURT

2005 FEB 10 P 3:36

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Francis H. Suitter (#3151)
Jesse C. Trentadue (#4961)
John D. Luthy (#8880)
*SUITTER AXLAND*
175 South West Temple, Suite 700
Salt Lake City, Utah 84101-1480
Telephone: (801) 532-7300
Facsimile: (801) 532-7355

*Attorneys for Senator Robert Bennett*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CODY JUDY, | |
| Contestant/Petitioner, | **REPLY MEMORANDUM IN SUPPORT OF SENATOR BENNETT'S *MOTION TO DISMISS*** |
| v. | |
| BOB BENNETT, | |
| Contestee, | Case No. 2:04-CV-01110 DB |
| and STATE ELECTION OFFICIALS MICA McKINNEY - DIRECTOR et al., | Judge Dee Benson |
| Respondent(s). | |

The Honorable Robert Bennett, by and through counsel, hereby submits this *Reply Memorandum in Support of Senator Bennett's Motion to Dismiss.*



Senator Bennett bases his *Motion* on two grounds: (1) Judy lacks standing to bring the claims he alleges, thus depriving the Court of subject matter jurisdiction, *see Fed. R. Civ. P. 12(b)(1)*; *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1861 (2000); and (2) Judy's *Complaint* fails to state a claim against Senator Bennett upon which relief can be granted, *see Fed. R. Civ. P. 12(b)(6)*. Full analysis supporting these grounds is set forth in the *Memorandum in Support* of Senator Bennett's *Motion to Dismiss*. Judy responds with a *Motion to Deny Motions to Dismiss* ("*MDMD*").

## JUDY FAILS TO ESTABLISH STANDING TO BRING THE CLAIMS ALLEGED, AND THE COURT THUS LACKS SUBJECT MATTER JURISDICTION

Judy's sole response to his lack of standing appears to be a reaffirmation that he brings this action on behalf of "every voter[]" whose choice he believes was violated. (*MDMD*, p. 1.) However, he again fails to allege that he personally suffered an injury, that Senator Bennett took any action to infringe the voting rights of any person, or that the relief he requests would redress the injuries he claims were suffered by every voter. By thereby failing to establish his own standing to bring the claims he asserts, Judy fails to establish subject matter jurisdiction in this Court. *See Vermont Agency of Natural Res.*, 529 U.S. at 771, 120 S. Ct. at 1861. The Court should thus grant Senator Bennett's *Motion to Dismiss* for lack of subject matter jurisdiction. *See Fed. R. Civ. P. 12(b)(1)*.

## **JUDY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Judy's response to his failure to state a claim against Senator Bennett appears to be the assertion that Senator Bennett "[e]ffectively created a false claim by claiming a victory" in an election where "irregularities contributed effectively to the elimination of a legal contestant." (*MDMD*, p. 1.) The essential purported "irregularity" that Judy wishes this Court to redress is the failure of "voters [to be] informed of the choice of Contestant Cody Judy by the Elections office." (*MDMD*, p. 2.) However, the responsibility for any lack of voter knowledge of Judy's candidacy must be borne by Judy.

The *Utah Code* provides ample opportunity for persons to have their name placed on the ballot, whether or not they are affiliated with a party. *See Utah Code Ann.* ¶¶ 20A-9-201, -202(1)(d), -501, et al. (2003 & Supp. 2004). Judy knew the requirements he must meet to have his name placed on the ballot, *see Atkins v. Parker*, 472 U.S. 115, 130, 105 S. Ct. 2520, 2529 (1985) ("All citizens are presumptively charged with knowledge of the law."), and he claims to have had the level of support necessary to have garnered the nomination petition signatures required to have his name placed on the ballot, *see Utah Code Ann.* § 20A-9-502 (2003) (requiring signatures of 1,000 registered voters); (*MDMD*, p. 2 (claiming the support of 1,000 registered voters).) Nevertheless, Judy chose to run as a write-in candidate,

knowing that his name would not be on the ballot and that any electioneering activities would be his own responsibility.

Furthermore, Judy cites no authority for his novel propositions that lack of a pencil or other utensil in each voting booth, failure to post the names of write-in candidates in each voting booth, and use in some counties of ballots whose write-in portions were separable from their punch card portions constituted "irregularities" for which judicial redress is available. Nor does he cite any authority to support his claim that such purported "irregularities" entitle him to an award against Senator Bennett of $100,000.00, or a new election. Most importantly, Judy asserts no actions taken by Senator Bennett that constituted "irregularities" or that otherwise infringed on the rights of voters. Rather, Judy specifically alleges that only "the Elections office" engaged in "premeditated coercion of the voters choices." (*MDMD*, p. 2.)

For each of the above reasons – (1) Judy's failure to avail himself of the legal means available for having his name placed on the ballot, (2) his failure to cite any authority in support of his novel claims, and (3) his failure to allege any improper actions by Senator Bennett – the Court should grant Senator Bennett's *Motion to Dismiss* for failure to state a claim upon which relief can be granted. *See Fed. R. Civ. P. 12(b)(6).*

## CONCLUSION

This Court[1] should dismiss Judy's *Complaint*, as to Senator Bennett, for the foregoing reasons: (1) lack of subject matter jurisdiction based on Judy's lack of standing, and (2) July's failure to state a claim against Senator Bennett upon which relief can be granted.

DATED this 10th day of February, 2005.

SUITTER AXLAND

By: _____
    Francis H. Suitter
    Jesse C. Trentadue
    John D. Luthy
    *Attorneys for Senator Robert Bennett*

---

[1] Judy also claims to have filed "a default petition to the United States Senate Rules Committee Chairmen" and asserts that Senator Bennett was "required to file a response with The U.S. Senate Rules Committee and file an answer with the contestant Challenger Cody Judy in 30 days." Such a purported filing does not invoke the jurisdiction of this Court. Nor does it preclude in any way the Court's grant of dismissal of Judy's federal court action as against Senator Bennett.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10 th day of February, 2005, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF SENATOR BENNETT'S** *MOTION TO DISMISS* to be served via, first-class United States mail, postage prepaid, upon the following:

>Cody Judy
>2459 S. Main Street, Suite 6
>Bountiful, UT 84010

>and

>Scott Cheney
>Assistant Attorney General
>160 East 300 South, 6th Floor
>P.O. Box 140856
>Salt Lake City, UT 84114

_____

G:\7553\1\MOTION TO DISMISS_REPLY MEMO.wpd