Cody Judy- U.S.Senate
Attorney Pro Se
2459 So. Main (Hwy 89)
Suite 6
Bountiful, UT 84010
801-604-3239

FILED
CLERK. U.S. DISTRICT COURT

2005 FEB 23 I P 4: 09

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| Cody Judy Official Write-in Candidate<br>Contestant/ Petitioner | ) | |
| | ) | REPLY MEMORANDUM IN SUPPORT OF<br>MOTION TO DENY Motions to Dismiss |
| vs. | | |
| Bob Bennett- Republican Candidate<br>Contestee<br>State Election Officials<br>Mica McKinney- Director et al.,<br>Respondent(s). | )<br><br><br>) | Case No: 2:04 CV 1110<br>Judge: Dee Benson |

Petitioner/Contestant hereby submits this *Reply Memorandum In Support of Motion to Deny Motion's to Dismiss* and states:

1-      Petitioner responded with the *Motion to Deny Motion to Dismiss* **January 25th, 2005** and then subsequently filed then document Notice to Submit February 8th, 2005. The council Scott D. Cheney has in his REPLY MEMORANDUM IN SUPPORT OF STATE ELECTION OFFICIALS' MOTION TO DISMISS, sought to mislead the court on weither Contestant/Petitioner's Motion should be considered stating the time of submission of the last document, but failing to accurately inform the court that Petitioner's Motion was filed before January 26th deadline. Of course the court docket relates the time frame.

2-      Council for State of Utah recites the " Wrong Forum" in Federal Court and submits Federal Court is not appropriate to handle a U.S. Federal Office, dealing with U.S. Federal Issues, beholden to a Federal Rules Committee, tied specifically to outlined Federal Law, called "Federal Contested Elections" which outlines specifically the requirements for **U.S. Senate Candidates** and also U.S. Congress contestants when a contested election is at issue. It appears council

for the state of Utah would also not see a need for a District Federal Court for the State of Utah. Everything under the sun ought to be handled by the State Courts and the Federal Districts ought to be broken up for a National Federal Court only hearing cases that affect all 50 states. Of course the Federal District Courts were created and substantiated to hear Federal Law which this case has articulated for the precise proceedings. If a quote from a former representative of the state might be used, Former State Representative Bill Orton, stated in democrat proceedings, that a federal judge would have precedent over a federal office contentions, and laws of Federal Contested Elections seem to back that notion.

3- The council for State of Utah proceeds to use an inapplicable example of the Second Circuit Court of Appeals holding challenges based on voting machine malfunctions or similar irregularities are not appropriate in federal court and "invite federal intervention into every negligent disruption of a local election". The premise again in direct dis-memberment of the Federal Court in the personal fairness afforded to voters in a fair election process in at least holding the voters ought to be told who all the candidates are in a race. The violation of such representing a direct violation of favoritism in representing and heralding the names of the candidates on the ballot, or, candidates not available any longer who were on the ballot, but applying the muscle in a non- neutral way of discrimination towards "write-in" candidates by not posting to voters, a candidate legally qualified to receive votes, just like candidates on the ballot or no longer eligible to receive votes on the ballot. Law states no posting shall be taken down, and every eligible candidate is in fact with every hour of campaigning, every dollar spent, relying on the State Elections Officials to convey the eligible candidates to them on voting day. The absence of this negates discriminatingly and coercively the choice of the voter, any voter, and every voter who innocently comes to see his/her choices at the polling place of their casting vote. The Affidavit Of Voter Exhibit 1-A , declares this, with "every voter" to include the Petitioner, who also signed the Affidavit of Voter.

4- The most telling question to accurately access the complaint is to compare the actions of the Respondent to the law:

Federal Election Campaign Laws FEC Title 18 Chapter 29 SS 594 Intimidation of voters as follows and as is applicable in these circumstances:

> Whomever intimidates...or attempts to intimidate..or coerce..any other person to vote....or **to not vote for any candidate for office of...Member of the Senate** {U.S.Senate} at any election held solely or in part for the pur pose of electing such candidate....shall be fined under this title.."

What is most aggrevice to the defense, in the actions of office clearly and undoubtedly known by law and common sense: committing people to *not vote for a legal candidate*, clearly defined and known to them, and totally within their right to post to the voter in an acceptable black and white informative selection at polling places,

with the same regard of informing voters of the names of candidates on the ballot; they decided **not to inform** the voter. Of course, a write-in candidate is not on the ballot, but he/she is a choice. Officials have the duty of informing citizens of the names of their choices in the least of an election called by the moral authority of the United States the Republic for which we stand in our democratic elections. A write-in candidate is no less qualified, is no less eligible for office, and is no less a choice. He/She is by law to be represented by Elections Officials at the polling places, not misrepresented as a non-choice, they decide to keep quite about, while handing out, or representing, the names of those on the ballot. In affect trumpeting those names to the voter. Petitioner did not ask for those at the polling places to speak his name to every voter, a list of write in candidates in the voting booth would have been fine. **All candidates** in the polling place seems rather fair and square for the choice of the voters to decide, rather then the election officials to hide some choices from the voter.

## CONCLUSION

This court should dismiss any *Motion to Dismiss* by any Contestee or Defendant, and move the parties to settle effectively granting the *Demand For Relief* so stated in the original complaint as expeditiously as possible thereby up holding the moral authority of this Nation's expectations on at least informing the voters of their choices in an election regardless of party, and regarding the law U.S. Title 2 Chapter 12 statue 381 (2) (b) **write-in candidate**.

Signed and Dated this __23rd__ day of February, 2005

Cody Judy
Pro Se

## Certificate of Mailing

I certify that I mailed a true and correct copy of the Motion to deny Motion's to dismiss, U.S. Mail , postage prepaid, to Attorney for Respondent:

| | | |
|---|---|---|
| Scott D. Cheney | | Jesse C Trentadue |
| Office of the Utah Attorney General | and | SUITTER AXLAND |
| 160 East 300 South Sixth Floor | | 175 South West Temple , Suite 700 |
| P.O. Box 140856 | | Salt Lake City , UT 84101-1480 |
| Salt Lake City , UT 84114-0856 | | |

this __23rd__ day of __Feb__, 2005     Cody Judy